**Jorge LOPEZ–LARA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 10–72067.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 21, 2011.*

Filed Nov. 22, 2011.

Jorge Lopez–Lara, Solana Beach, CA, pro se.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

OIL, Daniel Shieh, Esquire, Trial, DOJ—U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, BERZON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Jorge Lopez–Lara, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Renteria–Morales v. Mukasey,* 551 F.3d 1076, 1080 (9th Cir. 2008), and we deny the petition for review.

The agency correctly applied the modified categorical approach to determine that Lopez–Lara's 2006 conviction for petty theft with a prior, in violation of Cal.Penal Code §§ 484 and 666, constituted an aggravated felony theft offense under 8 U.S.C. § 1101(a)(43)(G). *See United States v. Rivera,* 658 F.3d 1073, 1077 (9th Cir.2011) (generic crime of theft is "a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent") (alterations and citations omitted); *id.* at 1076 (where defendant receives sentence of at least one year, inclusive of sentencing enhancement, "petty theft con-

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

victions under Cal.Penal Code §§ 484(a) and 666 satisfy the 'at least one year' sentence requirement of 8 U.S.C. § 1101(a)(43)(G)"). Lopez–Lara therefore is removable under 8 U.S.C. § 1227(a)(2)(A)(iii), and ineligible for cancellation of removal under 8 U.S.C. § 1229b(a)(3).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.